## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ATAIN SPECIALTY INSURANCE COMPANY,** | Civil Action No. 16-5129 (BRM)(LHG) |
| Plaintiff, | |
| v. | |
| **NORTHEAST MOUNTAIN GUIDING, LLC,** *et al.*, | **ORDER DENYING MOTION AND CROSS MOTION FOR LEAVE TO AMEND** |
| Defendants. | |

## I.    INTRODUCTION

Before this Court is the Motion for Leave to File an Amended Complaint Pursuant to FRCP 16(B)(4) & FRCP 15(A)(2) ("Motion to Amend") [Docket Entry Nos. 107, 109], filed by Plaintiff Atain Specialty Insurance Company ("Atain"), along with its Brief of Plaintiff Atain Specialty Insurance Company in Support of Motion Pursuant to FRCP 16(B)(4) & FRCP 15(A)(2) for Leave to File an Amended Complaint ("Atain Brief in Support") [Docket Entry No. 107-1].

Defendant/Third-Party Plaintiff Michael Manchester ("Manchester") filed a letter in opposition to the Motion to Amend ("Manchester Opposition") [Docket Entry No. 112]. Defendants Donald Pachner, Pachner & Associates, LLC, and Pachner Risk Management, LLC (collectively "Pachner") filed a Brief in Response to Atain's Motion to Amend Complaint ("Pachner Opposition to Atain") [Docket Entry No. 113].   Defendants Northeast Mountain Guiding ("NMG"), Joseph Vulpis ("Vulpis"), and Bryan Enberg ("Enberg") (collectively, the "NMG Defendants"), filed NMG Defendants' Cross-Motion to Amend Their Third-Party Complaint ("NMG Cross-Motion") [Docket Entry No. 116], along with NMG Defendants' Letter Brief in Opposition to Atain's Motion to Amend Its Complaint and in Support of Their Cross-

Motion to Amend Their Third-Party Complaint ("NMG Cross-Motion Brief") [Docket Entry No. 115], in which they ask that Atain's Motion to Amend be denied, but, if Atain is allowed to amend, that the NMG Defendants be granted leave to amend their Third-Party Complaint as well.

In response, Atain filed Brief of Plaintiff Atain Specialty Insurance Company in Reply to the Defendants' Opposition to Plaintiff's Motion Pursuant to FRCP 16(b)(4) and 15(A)(2) for Leave to File an Amended Complaint and in Further Support of Motion ("Atain Reply Brief") [Docket Entry No. 117].   Pachner filed Brief in Response to the NMG Defendant's Cross-Motion to Amend Their Third-Party Complaint ("Pachner Opposition to NMG") [Docket Entry No. 118]. Pachner also filed a letter objecting to Atain's Reply Brief ("Pachner Opposition to Atain's Reply") [Docket Entry No. 119].   NMG Defendants filed a letter joining Pachner Opposition to Atain's Reply.   [Docket Entry No. 120].

At the request of this Court, on November 9, 2020, each party filed an additional brief regarding whether and to what extent Atain's proposed amendments were included in Count Seven of the Complaint.   [Docket Entry Nos. 121, 122, 123, 124].

The Court has considered the Motion to Amend and NMG's Cross Motion on the papers filed, without oral argument, pursuant to Fed. R. Civ. P. 78 and L. Civ. R. 78.1(b).   For the reasons set forth below, both motions are **DENIED**.

## II.   BACKGROUND

This declaratory judgment action arises out of an insurance coverage dispute between NMG Defendants and Atain.   Because the timing of certain events and the procedural history are key to the decision, the Court sets them out with some detail.[1]

---

[1]   Given that the Court is not making a futility analysis, the Court accepts and relies upon the sworn statements submitted with regard to the Motion, rather than accepting as true all facts in the proposed amended pleading.

## A.   Underlying Events

NMG is a New Jersey business that "provides guided mountaineering, repelling, clifftop ziplining and other outdoor activities to the general public."   Declaration of Joseph DeDonato, Esq., in Support of Notice of Motion ("DeDonato Declaration") [Docket Entry No. 107-2], ¶6. NMG is owned and operated by Vulpis, its president, who hired Enberg and Manchester as paid guides.  *Id.* ¶7.

NMG enlisted Pachner as its insurance broker, and Pachner helped NMG procure an insurance policy with Atain.  *Id.* ¶18.  On the application, Vulpis listed NMG's operations as including a variety of activities, the most relevant of which was guided mountaineering; the application did not disclose that NMG engages in search and rescue courses.  Declaration of Robert Walker Lewis, Esq. in Opposition to Atain's Motion to Amend ("Lewis Declaration") [Docket Entry No. 113-2], ¶6.  Atain issued a general liability insurance policy to NMG (the "Policy") on March 16, 2015.   DeDonato Declaration, Exhibit A.

On April 15, 2015, just one month into the policy, Pachner requested that Atain approve a certificate of insurance for NMG that would cover "Search & Rescue Courses held in the township building."   Lewis Declaration, ¶10.   In response, Atain's underwriter asked for more information as search and rescue operations were not originally covered by the Policy.   *Id.*   Vulpis responded that the certificate of insurance would be for an indoors-only course, though some of their other search and rescue courses "are conducted during hikes."   *Id.* ¶11.   He further stated, "[i]f [he were] to classify this operation it would be considered hiking as that's what you're doing . . . walking through the woods."   *Id.*   That certificate of insurance was approved.   *Id.* ¶12.

On November 21, 2015, Vulpis, Enberg, and Manchester, as well as another NMG guide, went to Allamuchy State Park to use a "clifftop zipline," a "rope affixed between two trees,

allowing the rider to travel down the line."   DeDonato Declaration, ¶¶8-9.   While using the clifftop zipline, Manchester was injured.   *Id.* ¶9.

On February 21, 2016, Atain issued General Change Endorsement #6, which amended the Policy to exclude, among other things, "clifftop ziplining, ziplining and Tyrolean traverse unless used by registered and paid participants of a search & rescue training clinic."   Lewis Declaration, Exhibit 9.

### B.   Pleadings

Manchester sued NMG, Vulpis, and Enberg in the Superior Court of New Jersey alleging negligence and seeking damages for his injuries.   DeDonato Declaration, Exhibit B.   Atain was made aware of the litigation and defended the NMG Defendants in the action, pursuant to the Policy.   DeDonato Declaration, ¶11.

Atain subsequently initiated the present action, asking this Court to declare that Atain was not obligated to defend or indemnify the NMG Defendants in the Superior Court litigation and to declare the Policy void based on NMG's material misrepresentations in its application for coverage.   DeDonato Declaration, ¶¶5, 12; Complaint and Jury Demand ("Complaint") [Docket Entry No. 1].   The Complaint sets forth several factual bases for rescinding the Policy due to NMG's misrepresentations.   Complaint, ¶¶23-27.   It states that NMG's application to Atain listed its gross revenues as $22,000 per year from rock climbing; did not list any revenue for or exposure from ropes/challenge course facilitation, even though a zip line qualifies as a ropes/challenge course; and stated that it did not use independent contractors.   *Id.*   The Complaint does not make mention of NMG's possession of Manchester's waiver form, nor does it assert misrepresentations based on NMG's search and rescue courses.   Count Six of the Complaint sets forth a common law material misrepresentation claim based on NMG's alleged dishonesty about its engagement with ropes/challenge course facilitation, even though NMG used zip lines, which

fall within that category. *Id.* ¶¶52-59. Count Seven of the Complaint sets forth a misrepresentation claim pursuant to the New Jersey Insurance Fraud Prevention Act, generally alleging that NMG made material misrepresentations on which Atain relied to its detriment. *Id.* ¶¶60-65.

On August 22, 2017, Manchester filed a third-party complaint against Pachner and NMG Defendants ("Manchester Third-Party Complaint") [Docket Entry No. 28]. On that same day, NMG Defendants filed a third-party complaint against Pachner ("NMG's Third-Party Complaint") [Docket Entry No. 29]. NMG's Third-Party Complaint asks that if Atain is entitled to any damages against NMG Defendants, Pachner should be held liable for those damages based on Pachner's negligence, breach of fiduciary duty, and failure to exercise the requisite skill or diligence in acting as NMG's insurance broker. *Id.* ¶¶30, 34.

### C.   Discovery and Scheduling

This Court conducted an Initial Conference on January 4, 2017, and set a schedule for fact discovery to be completed by November 1, 2017, with any requests for leave to amend to be submitted by no later than February 24, 2017. *See* Scheduling Order dated January 12, 2017 [Docket Entry No. 19]. The deadline for parties to seek leave to amend was later extended to June 9, 2017 [Docket Entry No. 20], and then again to August 21, 2017 [Docket Entry No. 25]. The Court conducted numerous conferences thereafter, and set additional schedules for discovery, expert disclosures, and dispositive motions. At no point did any party ask for further extensions of the time within which to seek leave to amend pleadings.

On May 16, 2017, the NMG Defendants served Atain with discovery demands, including Interrogatory 19, which stated, "Identify every material misrepresentation alleged to have been made by NMG and Vulpis in the application for insurance, as alleged in paragraph 61 of the Complaint, 'with the intention that [Atain] rely on the material misrepresentation in issuing an

insurance policy.'"   DeDonato Declaration, Exhibit K at 10.   On July 31, 2017, Atain responded to NMG Defendants' discovery demands.   DeDonato Declaration, Exhibit L.   Atain answered Interrogatory 19 by setting forth several alleged misrepresentations, including NMG's use of independent contractors, NMG's gross revenue, and the variety of non-guiding activities that NMG did not disclose, such as search and rescue courses.   *Id.* at 18-19.   Also included in Atain's discovery responses were three references to the fact that NMG lacked a waiver/exculpatory release from Manchester for the November 21, 2015 trip to Allamuchy State Park.   *Id.* at 12, 13.

On March 13, 2018, Enberg was deposed.   DeDonato Declaration, ¶27.   He explained that he taught search and rescue courses, which involved "hauling and lowering systems" that could be "as simple as a rope wrapped around a tree" or as complicated as "dual twin tension line systems with three or four rescuers on each system being lowered down sheer cliffs, or Tyroleans or high lines across canyons."   DeDonato Declaration, ¶27.

On March 16, 2018, the parties deposed Atain's underwriting witness, Grace Cunningham. DeDonato Declaration, ¶24.   Cunningham was asked, "Would the policy have been written differently if Northeast had said that they offered wilderness search and rescue courses?" to which Cunningham responded, "Yes."   DeDonato Declaration, ¶25.

On April 5, 2018, Atain amended its response to NMG Defendants' interrogatories, stating that when it "discovered that Search and Rescue Courses were being conducted, Atain warned that the activity was outside the scope of the policy, and requested further information.   Defendant Joseph Vulpis and NMG made a further misrepresentation claiming all activity was limited to classroom work and some hiking, which representation was knowingly false."   Reply Declaration of Joseph DeDonato, Esq., in Further Support of Motion ("DeDonato Reply Declaration") [Docket Entry No. 117-1], Exhibit II.

Fact discovery closed on April 16, 2018 [Docket Entry No. 50].

NMG Defendants and Manchester's broker malpractice expert, Frank Seigel, issued a report on July 5, 2018, noting that "Pachner advised that Mr. Enberg's activities as a mountain rescue instructor fell under guided mountaineering," but he did not opine on whether Pachner committed broker malpractice in regard to that advice.   DeDonato Declaration, Exhibit P. Pachner's rebuttal broker malpractice expert, Thomas Ahart, issued a report on August 13, 2018, and also rendered no opinion on whether Pachner committed broker malpractice in regard to the search and rescue courses.   DeDonato Declaration, Exhibit Q.

### D.   Motions for Summary Judgment

Atain filed a Motion for Summary Judgment on March 11, 2019.   [Docket Entry No. 70]. In its accompanying brief ("Atain MSJ Brief"), Atain argued that it was entitled to recission of the Policy due to NMG's material misrepresentations regarding gross revenue, non-use of independent contractors, and NMG's search and rescue courses.   Atain MSJ Brief at 17-34 [Docket Entry No. 70-3].   Regarding the search and rescue courses, Atain stated that while Vulpis initially failed to disclose that NMG was engaged in any search and rescue courses, one month after the Policy began to run, Vulpis requested a Certificate of Insurance to cover the search and rescue classes, stating that they were limited to classroom work and hiking, when in fact they included riskier rope work that would have affected the premium.   *Id.* at 29-32.

Pachner also filed a Motion for Summary Judgment on March 12, 2019.   [Docket Entry No. 73].

The Court denied Atain's Motion for Summary Judgment and granted in part and denied in part Pachner's Motion for Summary Judgment in a January 30, 2020 Order and Opinion ("Summary Judgment Opinion").   [Docket Entry Nos. 94, 95].   Regarding Atain's claim for recission due to material misrepresentations, the Court held that genuine issues of material fact existed as to whether Vulpis intentionally misrepresented NMG's projected revenue and its use of

independent contractors.  Summary Judgment Opinion at 11-15.  Regarding Atain's claim for recission due to NMG's search and rescue courses, the Court denied summary judgment "because Atain did not plead this claim in its complaint."  *Id.* at 17-18.  The Court also denied summary judgment on Atain's claim for recission based on NMG's failure to maintain Manchester's waiver form because there was an issue of material fact about whether Atain would be prejudiced by the loss.  *Id.* at 23-25.

### E.   Motion to Amend

On February 20, 2020, after a telephonic conference in which Atain alerted the Court and counsel that it intended to seek leave to amend its Complaint, this Court ordered Plaintiff to circulate a proposed amended complaint by no later than February 28, 2020.  [Docket Entry No. 98].  The Court also ordered Defendants to advise whether they intended to oppose Plaintiff's proposed amended complaint by no later than March 16, 2020.  *Id.*

Manchester filed a letter on March 16, 2020, stating that he did not intend to oppose a motion to amend by Atain.  [Docket Entry No. 100].  He subsequently filed a letter that day stating that if Atain were allowed to file an amended complaint, then he would seek to amend his answer.  [Docket Entry No. 101].

Pachner filed a letter stating that "Atain should not be permitted to amend its complaint or, if it is, the order permitting it to do so should clearly preclude Atain from making broader or different arguments at trial," and further that Defendants/Third-Party Plaintiffs should not be permitted to amend their complaints.  [Docket Entry No. 102].  Pachner's letter only focused on the amendment to the Complaint dealing with search and rescue courses, the concern being that Atain was trying to frame its amendment as an issue that was previously raised in response to Interrogatory 19, when in fact Atain was setting itself up at trial to raise a distinct issue that it argued on the summary judgment but which had not been dealt with in discovery.  *Id.* at 2-3.

NMG Defendants also filed a letter on March 16, 2020, agreeing with Pachner's concern regarding the language of the proposed search and rescue amendment and the lack of discovery on this specific issue.   [Docket Entry No. 103].   The NMG Defendants added that if Atain were allowed to amend, then they would need to similarly amend their third-party complaint against Pachner.   *Id.* at 1.   They noted that, to date, discovery had only dealt with "certain limited items [Atain] claimed were the subjects of misrepresentations - having to do with projected revenues, whether NMG utilized independent contractors, and whether NMG engaged in ropes/challenge course facilitation."   *Id.*

On March 17, 2020, Atain filed a responsive letter stating that all parties had engaged in discovery on the subject of the proposed amendments, and that it would be unfair to limit Atain at trial to what it presented in its summary judgment motion.   [Docket Entry No. 104].

Because discovery had been completed, a Final Pretrial Conference was scheduled for May 27, 2020 [Docket Entry No. 98].   That conference was adjourned after Plaintiff informed the Court that it intended to file a Motion to Amend.   [Docket Entry No. 106].

On April 18, 2020, Atain filed the present Motion to Amend.   Atain's proposed amended complaint would add factual bases and claims to its pleading.   First, Atain seeks to add that NMG did not disclose in its insurance application that it provided and received revenue from search and rescue training courses.   DeDonato Declaration, Exhibit U ("Proposed Amended Complaint") [Docket Entry No. 107-23], ¶¶25, 27.   Second, the proposed amendment would rewrite Count Six by buttressing the common law material misrepresentation claim with additional bases of misrepresentation, including NMG's allegation that it did not use independent contractors, that its gross revenue was approximately $22,000 for the policy year, and Vulpis and NMG's failure to disclose "non-recreational guiding activities [search and rescue courses] and the income derived from them on the insurance application."   *Id.* ¶54(b), (c), and (d).   Third, Atain would add a new

count alleging that NMG breached its conditions of insurability by failing to obtain a signed liability waiver from Manchester on the day of the accident and by failing to maintain any of Manchester's liability waiver forms for a period of three years.   *Id.* ¶¶65-68.

In its brief, Atain first addresses the three amendments that seek to add a claim against NMG for failing to retain Manchester's waiver form, for misrepresenting its revenue, and for misrepresenting its use of independent contractors.   Atain Brief in Support at 20.   Atain points to the pre-motion letters filed by Manchester, NMG Defendants and Pachner on March 16, 2020 (collectively the "Pre-motion Letters"), which made no objection to those proposed amendments. *Id.; see also* [Docket Entry Nos. 100, 101, 102, 103].   Thus, Atain argues that those amendments should be granted as unopposed.   Atain Brief in Support at 20.

Atain next addresses the final amendment that seeks to add a claim against NMG for misrepresenting its search and rescue courses.   *Id.* at 22-23.   It argues that good cause exists under both Rules 15 and 16 because it did not learn of this misrepresentation until July 2017, after the deadline to amend had expired.   *Id.*   Atain further argues that Defendants were well aware that Atain was asserting a misrepresentation claim in connection with the search and rescue course activity and conducted discovery on this claim.   *Id.* at 23-24.   In fact, Atain notes that Defendants' broker malpractice expert's report specifically addressed Pachner's advice to NMG regarding how to disclose the search and rescue activities.   *Id.* at 25.   Atain also argues that the language it seeks to add comes directly from its answer to one of Defendants' interrogatories, meaning that the parties have long been on notice that Atain was making a misrepresentation claim on the basis of NMG's search and rescue courses.   *Id.* at 23-25.   Finally, Atain argues that it believed it had sufficiently pled this claim.   *Id.* at 24-25.

### III.   ARGUMENTS OF THE PARTIES

#### A.   Manchester's Opposition to Atain's Motion to Amend

Manchester opposes Atain's Motion to Amend for two reasons.   Manchester Opposition at 1-2.   Manchester first argues that the parties only engaged in a limited amount of discovery on the issue of NMG's misrepresentation of its search and rescue courses, and allowing the amendments would require additional discovery and delay trial.   *Id.*   Second, Manchester argues that if the Motion to Amend is granted, Manchester will have to amend its third-party complaint. *Id.* at 2.   Manchester does not address the remaining proposed amendments.

#### B.   Pachner's Opposition to Atain's Motion to Amend

Pachner's Opposition only takes issue with Atain's request to add the misrepresentation claim regarding the search and rescue courses.   Pachner Opposition to Atain at 2-3.   Pachner argues that the proposed amendment is substantively different from the misrepresentation claim Atain argued in its motion for summary judgment.   *Id.* at 3.   In the proposed amendment, Atain seeks to add a claim that NMG misrepresented whether it offers search and rescue courses.   *Id.* By contrast, Pachner claims that Atain, in its motion for summary judgment, argued that NMG had misrepresented the *scope* of the search and rescue courses.   *Id.*   Pachner states that Atain is attempting a "Trojan horse" strategy: it seeks to frame its amendment as a claim the parties were aware of since the start of discovery, yet at trial it will try to make the argument first set forth in its summary judgment brief, an argument which the parties were not aware of during discovery. *Id.* at 2-3.

Pachner further argues that there is no good cause for Atain's amendment, as it knew about this claim since July 2017 when it included this argument in its interrogatory response; thus, Atain was not diligent in seeking leave to amend.   *Id.* at 6-10.   Even if Atain wishes to claim it did not know the scope of the search and rescue courses at that time, at the very latest it learned that

information during Enberg's March 13, 2018 deposition, which was still long before Atain made its motion.  *Id.* at 8.   Additionally, Pachner points to Atain's Change Endorsement #6, which excluded various ziplining activities "unless used by registered and paid participants of a search & rescue training clinic," as evidence that Atain clearly knew of the search and rescue courses as early as February 21, 2016.   *Id.* at 8-9.

Pachner argues that the parties will be prejudiced if Atain is allowed to amend because the NMG Defendants will amend their Third-Party Complaint against Pachner, causing downstream effects.  *Id.* at 13, 17.   Pachner also points to Rule 9(b), which requires that a party state with particularity circumstances constituting fraud or mistake, and argues that allowing Atain to amend now would violate, and rob Defendants of the protections afforded by, that rule.   *Id.* at 13-14.   Specifically, Pachner focuses on the prejudice that would ensue if Atain were allowed to pursue its summary judgment version of this claim based on the scope of the search and rescue courses, as opposed to their existence, because Defendants have not conducted discovery on scope.   *Id.* at 14-16.

Finally, Pachner argues the amendment is futile as Change Endorsement #6, issued soon after Manchester's accident, evidences Atain's willingness to provide coverage for all aspects of the search and rescue courses.   As a result, any misrepresentation clearly was not material to the risk.  *Id.* at 17-19.

### C.   The NMG Defendants' Cross-Motion to Amend and Opposition to Atain's Motion to Amend

The NMG Defendants begin by arguing that all of Atain's proposed amendments—three new bases of misrepresentation and a new cause of action based on NMG's failure to locate Manchester's waiver—are unduly delayed.   NMG Cross-Motion Brief at 3-4.   Atain had knowledge of each of these new claims long before it requested leave to amend, and all should be

denied.  *Id.* at 2-3.

The NMG Defendants also argue that adding a misrepresentation claim regarding the search and rescue courses is futile because Atain knew of the existence of those course activities in 2015; in February 2016, Atain issued Change Endorsement #6, which expressly approved coverage for them.  *Id.* at 3.  They further argue that a claim based on NMG's inability to locate Manchester's waiver form is similarly futile based on the Summary Judgment Opinion, which found that Atain has not shown how it is prejudiced.  *Id.* at 3-4.

Finally, the NMG Defendants ask that if Atain's Motion to Amend is granted, that they too be granted leave to amend their Third-Party Complaint to seek to hold Pachner liable for all allegations contained in Atain's amended complaint.  *Id.* at 4; NMG Cross-Motion, Exhibit 1.

### D.    Atain's Reply to Defendants' Opposition

In Atain's Reply Brief, it first takes issue with the NMG Defendant's opposition to the three amendments that are unrelated to the search and rescue courses.   Atain Reply Brief at 4-6. Atain argues that in the Pre-motion Letters, not only did the NMG Defendants only take issue with the search and rescue course amendment, but they explicitly stated that the misrepresentation claims regarding revenue and independent contractors "were dealt with in discovery."  *Id.*   Atain thus asks this Court to enforce the NMG Defendants' representations in its Pre-motion Letters. *Id.* at 7.   Atain also argues that in their motions for summary judgment, Defendants briefed and argued the misrepresentation claims as well as NMG's failure to maintain Manchester's wavier form without ever arguing that the claims were not pled, and Pachner went so far as to plead its own motion for summary judgment on the independent contractors misrepresentation, such that Defendants waived their objection to those amendments.  *Id.* at 8-9.

Finally, Atain takes issue with Pachner's "Trojan horse" objection to the language of the search and rescue course allegation.  *Id.* at 10.   Atain claims that while it initially stated in its

interrogatory answers that NMG misrepresented the existence of any search and rescue courses, it did not learn of the full scope of the courses until Enberg's March 2018 deposition.  *Id.* at 10-11. Moreover, Atain argues that it should be allowed to pursue at trial its argument that NMG misrepresented the scope of the search and rescue courses, and not be limited strictly to the claim that NMG misrepresented the existence of the courses.  *Id.* at 10-12.   Because Atain amended its interrogatory answers in April 2018 to include the argument that NMG misrepresented the scope of the courses, the parties were placed on notice of this claim.  *Id.* at 11-12.   Finally, Atain argues that good cause under Rule 16 exists because its failure to amend earlier was the product of its mistake or excusable neglect in believing it had fully pled all of its claims, a mistake that did not come to light until this Court's January 30, 2020 opinion, soon after which it sought leave to amend.  *Id.* at 13.

### E.   Pachner's Opposition to the NMG Defendants' Cross-Motion to Amend, and Pachner and the NMG Defendants' Opposition to Atain's Reply

Pachner also opposed the NMG Defendants' cross-motion to amend, arguing that if this Court grants Atain's Motion to Amend it will be because the Court has determined that the parties were placed on notice of these allegations prior to the deadline to amend pleadings.   Accordingly, the NMG Defendants must also have been in possession of these claims in time to amend. Pachner Opposition to NMG at 4-7.   If so, the NMG Defendants cannot show good cause for failing to amend earlier.  *Id.*

Pachner further argues that the NMG Defendants' cross-motion fails under Rule 15 because they waited too long to amend, amending their Third-Party Complaint would unduly prejudice Pachner because Pachner had no reason to assume the NMG Defendants would attribute these new claims to a breach of duty by Pachner, and amending would be futile because the four proposed amendments are not attributable to any breach by Pachner.  *Id.* at 8-15.

Pachner then responds to Atain's Reply Brief, arguing that it impermissibly raises new arguments that are not in its moving papers.   Pachner Opposition to Atain's Reply at 1.   Pachner says Atain admits in its Reply Brief that its amendment merely seeks to incorporate a claim it raised at the start of litigation, i.e., that NMG misrepresented the existence of search and rescue courses, when in reality it will seek at trial to make its summary judgment argument, i.e., NMG did in fact disclose the search and rescue courses but misrepresented their scope, a claim on which the parties have not conducted discovery.   *Id.* at 2.   That Atain amended its interrogatory responses did not put Defendants on notice of the latter claim, Pachner argues, but even if it did, Atain amended its responses in April 2018, at which point it could have and should have also sought leave to amend the Complaint.   *Id.* at 3.   Pachner urges that if this Court allows Atain to amend at this point, then Atain should be held to the claim it is pleading and not be allowed at trial to make a different claim.   *Id.* at 3-4.   Pachner opposes Atain's other three proposed amendments, arguing that even though no one took issue with these three amendments in the Pre-motion Letters, not only did Pachner not waive its right to object, but Pachner also generally objected to Atain amending its Complaint, and the burden was on Atain to establish good cause in its moving papers. *Id.* at 4-6.

In their June 19, 2020 letter, the NMG Defendants join the arguments made in Pachner's Opposition to Atain's Reply.   [Docket Entry No. 120].

### F.   The Parties' Supplemental Briefs

As previously noted, this Court requested additional briefing from all parties on whether, and to what extent, the proposed amendments were included in Count Seven of the Complaint. Manchester, Pachner, and the NMG Defendants all argue that Rule 9(b) requires that Atain specify the type of misrepresentations that form the basis of its claim.   Manchester Supplemental Brief at 3-4; Pachner Supplemental Brief at 2-3; NMG Defendants Supplemental Brief at 1-3.   Because

Atain's Complaint only contains a factual basis for misrepresentation based on the ropes/challenge course, Defendants assert that Count Seven of the Complaint does not include these other misrepresentation claims.   *Id.*

In contrast, Atain argues that Count Seven of the Complaint was a general misrepresentation claim, meaning that the new bases of misrepresentation were already incorporated into it.   Atain Supplemental Brief at 1-4.   Atain further argues that it was not under an obligation to update its Complaint each time an additional basis for the misrepresentation claim was revealed in discovery.   *Id.* at 4-5.

## IV.   LEGAL STANDARD

Leave to amend a pleading is generally governed by Rule 15, which allows a party to amend once as a matter of course within a specified time period.   Fed R. Civ. P. 15(a)(1).   After that period is over, a party may amend only with written consent of the adverse party or with leave of court.   Fed. R. Civ. P. 15(a)(2).   If the period for amendment under Rule 15 has expired, the Court must first look to Rule 16 to determine whether there is good cause to extend the Rule 15 deadline.   *See Sang Geoul Lee v. Won Il Park*, 720 F. App'x 663, 669 (3d Cir. 2017) ("the lenient Fed. R. Civ. P. 15(a)(2) standard that '[t]he court should freely give leave when justice so requires' yields to the good cause requirement"); *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) ("where . . . a scheduling order governs amendments to the complaint . . . the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b)"); *Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. 2014) ("Only once the party has shown sufficient 'good cause' to amend the Rule 16 Order to extend the deadline will the Court evaluate the proposed amendment under Rule 15(a)").

Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."   Good cause depends on the diligence of the moving party.   *Lasermaster*

*Int'l Inc. v. Neth. Ins. Co.*, Civ. No. 15-7614, 2018 U.S. Dist. LEXIS 66520, at *9-10 (D.N.J. April 20, 2018).   A court must determine whether the movant possessed, or through diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline's expiration.   *Id*.   A lack of prejudice to the non-moving party is not enough to constitute good cause under Rule 16.   *Korrow,* 300 F.R.D. at 220.   A Magistrate Judge has the discretion to decide what kind of showing the moving party must make to satisfy Rule 16(b)(4)'s good cause requirement.   *Phillips v. Greben*, Civ. No. 04-5590, 2006 U.S. Dist. LEXIS 78419, at *15 (citation omitted).

Our courts have found that "'[g]ood cause may be satisfied if the movant shows that their delay in filing the motion to amend stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order.'"   *Young v. United States*, 152 F.Supp. 3d 337, 352-53 (D.N.J. 2015) (quoting *Fermin v. Toyota Material Handling, U.S.A., Inc.*, Civ. No. 10-3755, 2012 U.S. Dist. LEXIS 56422, at *3 (D.N.J. Apr. 23, 2012)).

If the moving party can satisfy the requirements of Rule 16, the request for leave must still meet the requirements of Rule 15.   Requests for leave under Rule 15 are liberally granted.   *See WHY ASAP, LLC v. Compact Power*, 461 F.Supp. 2d 308, 311 (D.N.J. 2006).   Amendments should be denied only where the court finds "undue delay, bad faith, dilatory motive, unfair prejudice or futility of amendment."   *Id.* (*citing Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)).

Under Rule 15, delay alone is insufficient to deny a request for leave to amend, *see Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984), but the moving party "must demonstrate that its delay in seeking to amend is satisfactorily explained," *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks omitted).   Courts

will deny such a request where delay becomes undue, when its accommodation creates an "unwarranted burden on the court . . . [and] unfair burden on the opposing party." *Adams*, 739 F.2d at 868.

Similarly, prejudice must rise to such a level that the non-moving party would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence." *Harrison Beverage Co.*, 133 F.R.D. at 468 (internal quotations omitted). In evaluating the extent of any alleged prejudice, the court looks to the hardship on the non-moving party if the amendment were granted. *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). "Specifically, [courts] have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Id.* Prejudice to the non-moving party "is greater where the tardy amendment will require a reopening of discovery, and it is lessened when the new issue presents solely an issue of law to be determined upon application to the existing facts." *Harrison Beverage Co.*, 133 F.R.D. at 469.

Finally, Rule 9(b) requires that a party alleging fraud or mistake must "state with particularity the circumstances constituting fraud or mistake." The Third Circuit has held that this requires a plaintiff alleging fraud to "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004)).

## V.   ANALYSIS

Because the time to amend under Rule 15 has already expired, the Court begins its analysis under Rule 16. In seeking leave to amend under Rule 16, a party needs to show good cause, frequently referred to as diligence. In other words, a party seeking to amend pleadings is "required to diligently seek amendments when they acquired enough facts to support such

amendments." *Nissen v. Rozsa*, Civ. No. 08-5563, 2011 U.S. Dist. LEXIS 125957, at *24 (D.N.J. Oct. 31, 2011).   Only if this standard has been met does the Court move on to an analysis under Rule 15.

Atain seeks to amend to add facts and new claims relating to misrepresentation and breach of conditions of insurability.   The proposed new claims include whether NMG misrepresented its revenue and its use of independent contractors, whether it failed to obtain and keep waiver forms from Manchester in breach of the agreement, and whether it misrepresented that it engaged in search and rescue courses.[2]

## A.   Atain's Proposed Misrepresentation Claims Based on NMG's Search and Rescue Courses

First, the Court addresses Atain's request to add to its common law misrepresentation claim in Count Six that NMG offers search and rescue courses, but that NMG and Vulpis "failed to disclose these non-recreational guiding activities and the income derived from them on the insurance application."   Proposed Amended Complaint, ¶54(d).   Atain also seeks to add the factual basis for this claim to its background section.   Proposed Amended Complaint, ¶¶25, 27. For the following reasons, Atain's request to add this claim is denied.

Because the analysis must begin with Rule 16, the Court reviews the timeline to see if Atain has acted with diligence.   On April 15, 2015, one month into the Policy and several months before Manchester's accident, Pachner requested a certificate of insurance for NMG's search and rescue courses.   Lewis Declaration, ¶10.   Atain asked for more information because search and rescue courses were not covered by the Policy, and Vulpis responded that the request was for an indoors-

---

[2]   It should be clear that the Court's ruling on this Motion is intended to address only whether the amended pleading should be allowed and is not intended to pass judgment as to adequacy of the currently operative Complaint.   Specifically, the undersigned does not opine as to whether the proposed amendments are in fact necessary.

only course, but some of their search and rescue courses are "conducted during hikes." *Id.* ¶11. Vulpis stated that "[i]f [he were] to classify this operation it would be considered hiking as that's what you're doing . . . walking through the woods." *Id.*   On February 21, 2016, after Manchester's accident, Atain issued General Change Endorsement #6, which amended the Policy to exclude, among other things, "clifftop ziplining, ziplining and Tyrolean traverse unless used by registered and paid participants of a search & rescue training clinic."   Lewis Declaration, Exhibit 9.

On July 31, 2017, Atain responded to the NMG Defendants' Interrogatory 19, which asked for the bases for the alleged material misrepresentation claim, by stating that "[i]n the policy application, Vulpis on behalf of NMG, represented that it does not engage in non-guiding activities.   However, investigation discloses that the NMG offers training . . . in wilderness search & rescue."   DeDonato Declaration, Exhibit L at 18-19.   During Enberg's March 13, 2018 deposition, he explained that the search and rescue courses involved "hauling and lowering systems" that varied in complexity.   DeDonato Declaration, ¶27.

Atain first argues that good cause exists under Rule 16 because it did not learn of this misrepresentation until July 2017, after the deadline to amend had expired.   Atain Brief in Support at 22-23.   Atain also argues that it could not have amended its Complaint prior to Enberg's March 13, 2018 deposition, when Atain discovered the true scope of the search and rescue courses.   Atain Reply Brief at 11.

The timeline belies Atain's claim of diligence.   First, Atain cannot claim that it did not know of the existence of the search and rescue courses until July 2017.   General Change Endorsement #6, issued February 21, 2016, evidences that was Atain fully aware of the existence of the search and rescue courses, even if it did not know the full scope of those courses.   *See* Lewis Declaration, Exhibit 9.   Second, even if the Court were to accept that Atain did not learn of the

existence of search and rescue courses until July 2017, the deadline to seek leave to amend had been extended by then to August 21, 2017.   *See* June 22, 2017 Scheduling Order [Docket Entry No. 25].   Atain could have brought a motion to amend under Rule 15 at that time, while discovery was still ongoing.

Even if the Court were to consider the Motion based on March 13, 2018, which is the latest date on which Atain claims it learned of this misrepresentation claim, there can be no dispute that Atain still waited for years before it sought leave to amend.   Regardless of whether the deadline to amend pleadings had passed, Atain was still required to act diligently and seek leave to amend as soon as possible.   There is no question that Atain lacked diligence in asking the Court for leave to amend its Complaint to add this claim.

Atain further argues that the failure to seek leave to amend earlier was the result of mistake or excusable neglect because it erroneously believed it had fully pled all of its claims, a mistake it was not aware of until the Court's January 30, 2020 Summary Judgment Opinion.   Atain Brief in Support at 25; Atain Reply Brief at 13.   "In some circumstances, the Federal Rules allow for a court to relieve a party from adverse consequences arising out of 'mistakes' or 'excusable neglect,' which are often not the party's but the attorney's."   *Mullin v. Balicki*, 875 F.3d 140, 154 (3d Cir. 2017).   Misunderstandings based on law or procedure rarely qualify as excusable neglect, though clerical errors have been found to do so.   *Id.* at 148, 155 (holding that where an attorney discovered her staff failed to print one disk of discovery disclosures ten months after receipt, the mistake was excusable).

Here, Atain's mistake was not simply a clerical error, nor does it qualify as excusable neglect.   *See Walker v. Board of Cnty Commissioners*, Civ. No. 92-7148, 1993 U.S. App. LEXIS 16118 (10th Cir. June 30, 1993) (affirming a district court's denial of a motion to amend where plaintiff's insufficient pleadings were only made aware to him in the court's opinion).   *But see*

*Young*, 152 F.Supp. 3d at 355 (finding excusable neglect for failure to plead a defense where the government's internal policy position changed, but defendants would not suffer prejudice); *Shreck v. Walmart*, Civ. No. 08-5729, 2009 U.S. Dist. LEXIS 115413 (D.N.J. Dec. 8, 2009) (finding good cause to amend after defendant mistakenly failed to timely assert a cross-claim, but where the amendment would cause no delay and defendant would not be prejudiced in any way).   The Court finds that Atain's failure to seek leave to amend earlier was not the result of excusable neglect or mistake.

In fact, the failure here goes to the heart of the pleading and the Rules: Atain has alleged misrepresentation, without stating with the requisite particularity what the bases for that misrepresentation were.   It is axiomatic that Rule 9(b) imposes a heightened pleading standard pursuant to which a party must "state with particularity the circumstances constituting fraud or mistake."   Atain was therefore required from the outset to alert the parties in its Complaint about the specific bases for its misrepresentation claims.   The August 23, 2016 Complaint alleges, however, misrepresentation as to the ropes/challenge course alone in Count Six.   Count Seven alleges misrepresentation in general, with no reference to any specific bases.

Atain argues that it did not need to amend because it sufficiently alerted the parties as to the specific bases of misrepresentation in its original and amended answers to interrogatories. The Rule itself, however, specifies that the circumstances constituting the fraud or mistake must be in the pleadings.   Other courts have also held that interrogatory answers do not satisfy Rule 9(b) requirements.   *See EMC Corp. v. Storage Tech. Corp.*, 921 F.Supp. 1261, 1263-64 (D. Del. 1996) (plaintiff "may not use its interrogatory responses to fulfill the particularity requirements of Rule 9(b)"); *Nichols Motorcycle Supply, Inc. v. Dunlop Tire Corp.*, Civ. No. 93-5578, 1994 U.S. Dist. LEXIS 3790, at *7 (N.D. Ill. March 30, 1994) (plaintiff was not allowed to "indirectly amend its complaint to include its responses to interrogatories").

The obligation to plead with particularity was triggered when Atain filed its Complaint in 2016.  It should have known from the outset that any additional bases had to be plead.  If and when it learned of new bases to assert, it should have sought to amend immediately but did not.  If in fact the time under the scheduling order had passed, this only meant that any request had to be made pursuant to Rule 16, rather than Rule 15.

Even if the Court were to conduct this analysis under the more liberal standard of Rule 15, the Motion would still be denied.   This case has been pending since 2016.   In that time, the Court has conducted several conferences and entered at least nine scheduling orders.   Fact discovery, which included numerous depositions, was completed by April 16, 2018.   *See* Scheduling Order dated March 16, 2018 [Docket Entry No. 50].[3]   Expert discovery has closed, and the parties have filed, and the Court has decided, summary judgment motions.   The Final Pretrial Conference was scheduled and adjourned, in light of this Motion. [Docket Entry No. 106].   While Atain argues that the parties should have known of these claims of misrepresentation, there is no doubt that they did not have the requisite notice.   If they had had that notice, they say they would have conducted different, or additional, discovery.   Manchester and Pachner both state that the proposed amendment would require discovery to be reopened, given the limited discovery conducted on the issue of whether NMG misrepresented the existence of its search and rescue courses, let alone the scope of those courses.   Manchester Opposition Brief at 1-2; Pachner Opposition to Atain at 1-2, 13-17.   Finally, if Atain is allowed to amend, then NMG has asked to be allowed to amend its Third-Party Complaint against Pachner.   NMG Cross-Motion Brief at 4.   Pachner argues that it would be prejudiced by that downstream effect, given that Pachner did not conduct discovery as to its potential liability to NMG on these claims.   Pachner Opposition to Atain at 17.

---

[3]   There was a limited extension of fact discovery to May 25, 2018 pursuant to the April 16, 2018 Scheduling Order.   [Docket Entry No. 56].

As a final note, Defendants have pointed out that the amendment Atain seeks to make does not match the actual claim it is pursuing.  *See* Pachner Opposition to Atain at 2-3.   In fact, Atain admits that its Proposed Amended Complaint only claims that NMG failed to disclose its search and rescue courses, but at trial it plans to argue that NMG did in fact disclose the search and rescue courses but misrepresented the scope of those courses.   Atain Reply Brief at 10-12.   Pachner emphasizes that while the parties have engaged in a small amount of discovery on whether NMG disclosed its search and rescue courses, the parties engaged in no discovery on whether NMG misrepresented the scope of those search and rescue courses and whether Pachner was responsible for any such misrepresentation.   Pachner Opposition to Atain at 14-16.   Defendants assert that if the scope of the disclosure as to search and rescue is to be addressed at trial, discovery must be reopened to allow them to fully explore this claim.

The undersigned finds that reopening discovery at this late date, after fact and expert discovery has been completed and dispositive motions have been decided, would add significant cost and delay to this already four-year-old case.   There can be no doubt that Defendants would be prejudiced if Atain is allowed to amend at this late date to add new claims of misrepresentation that were never plead.

Accordingly, the proposed amendment to add a misrepresentation claim related to NMG's search and rescue courses must fail, both because of lack of diligence and because of the prejudice it would clearly cause.

### B.   Atain's Proposed Misrepresentation Claims Based on NMG's Revenue and Use of Independent Contractors

Atain also seeks to amend its Complaint to add two bases for misrepresentation to Count Six: that NMG misrepresented its revenue and its use of independent contractors.   Proposed

Amended Complaint, ¶54(b), (c).   Given the passage of time and Atain's burden on this Motion,

the undersigned is not persuaded that Atain has demonstrated good cause.

Atain does not argue that good cause exists because newly-discovered evidence came to

light, nor does it argue good cause exists because of mistake or excusable neglect.   Instead, Atain

argues that it should be permitted to amend because in their Pre-Motion Letters, none of the

Defendants took issue with these amendments, thereby waiving their right to object now.   Atain

Reply Brief at 4-7.   Although Defendants did not object specifically to these amendments in their

Pre-motion Letters, they certainly have in their briefs.   Atain argues that this Court should ignore

the briefs and limit Defendants to Pre-Motion positions.   *Id.*   This Court disagrees: those Pre-

Motion Letters were simply to determine whether there were objections to the amendment and to

the extent that a formal motion should be required.   They were never intended to cast the parties'

positions in cement and do not act as a waiver of any arguments not made.   Even if the failure to

make these arguments in the Pre-Motion Letters were somehow deemed to be a waiver, this would

not relieve Plaintiff of its independent obligation to show that it exercised diligence in seeking to

make the late amendment.

Because Atain has not satisfied this threshold showing, the Motion must be denied as to

the request to add specific claims relating to revenue and the use of independent contractors.

## C.   Atain's Proposed Claim Regarding NMG's Failure to Obtain and/or Maintain Manchester's Waiver Form

Atain's final proposed amendment would add a new count that alleges NMG breached

conditions of insurability by failing to obtain or maintain a waiver of liability form from

Manchester.   Proposed Amended Complaint, ¶¶65-68.

Atain does not argue that good cause exists because it only recently learned of NMG's

failure to obtain or maintain Manchester's waiver of liability form.   In fact, in its brief in support

of its motion for summary judgment, Atain pointed to a February 5, 2019 deposition in which Vulpis stated that Manchester did not sign a liability waiver the day of the accident, nor could NMG find any liability waiver Manchester had signed previously.   Atain MSJ Brief at 35-36. Further, Atain's July 31, 2017 discovery responses include at least three references to the fact that NMG did not have a waiver/exculpatory release from Manchester for the November 21, 2015 trip to Allamuchy State Park.   DeDonato Declaration, Exhibit L at 12, 13.   Thus, Atain clearly knew of this potential claim as early as July 31, 2017.   Even if the Court accepts that Atain was not aware of it until Vulpis' deposition in February 5, 2019, there is nothing to explain why Atain failed to seek leave to amend its Complaint sooner.

Again, Atain argues that it should be permitted to amend because in their Pre-motion Letters, none of the Defendants took issue with this count, thereby waiving their right to object now.   Atain Reply Brief at 4-7.   For the reasons set forth previously, the Court is not persuaded. Not only does Atain fail to make any claim as to good cause by way of diligence or mistake/excusable neglect, but the Court, after reviewing the record at length, also cannot glean any basis for allowing the amendment at this late date.

Accordingly, the Court finds good cause has not been shown for Atain's request to add a new count that alleges NMG breached conditions of insurability by failing to obtain or maintain a waiver of liability form from Manchester.

Atain's Motion in its entirety fails to meet the good cause requirement due to Atain's lack of diligence in seeking to amend.   Even if this were not the case, the amendment would at least in part result in prejudice to the parties by necessitating additional discovery when the parties are otherwise ready for a final pretrial conference.[4]

---

[4]   Because the Court denies the Motion for the reasons set forth, it does not reach the parties' remaining arguments under Rule 15.

### D.   NMG Cross-Motion for Leave to Amend

The NMG Cross-Motion only asks for relief if Atain's Motion to Amend is granted. Because the Court is denying Atain's Motion to Amend, the Court also denies the NMG Cross-Motion as moot.

## VI.   CONCLUSION

For the foregoing reasons, and for good cause shown,

**IT IS** on this **30th** day of **November, 2020,**

**ORDERED** that the Motion for Leave to Amend [Docket Entry No. 107] is **DENIED**; and it is further

**ORDERED** that the Cross-Motion for Leave to Amend [Docket Entry No. 116] is also **DENIED**.

_____
LOIS H. GOODMAN
United States Magistrate Judge