NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>NORTHEAST MOUNTAIN GUIDING LLC, *et al.*,<br><br>Defendants.<br>. | Case No. 3:16-cv-05129 (BRM) (LHG)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff Atain Specialty Insurance Company's ("Atain") Appeal (ECF No. 128) of Magistrate Judge Goodman's November 30, 2020 Order (the "Order") (ECF No. 125) denying Atain's Motion to Amend its Complaint pursuant to Federal Rule of Civil Procedure 16(b)(4) and 15(a)(2) (ECF No. 107). Defendant/Third-Party Plaintiff Michael Manchester ("Manchester"), Defendants Donald Pachner, Pachner & Associates, LLC, and Pachner Risk Management, LLC (collectively, "Pachner"), and Defendants Northeast Mountain Guiding ("NMG"), Joseph Vulpis ("Vulpis"), and Bryan Enberg ("Enberg") (collectively, the "NMG Defendants") (together with Pachner and Manchester, "Defendants") all oppose the Appeal. (ECF Nos. 133, 134, and 135, respectively.) Having reviewed the papers submitted by the parties and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause shown, Atain's Appeal is **DENIED** and Judge Goodman's Order is **AFFIRMED**.

**I.     BACKGROUND**

On January 30, 2020, this Court issued an opinion denying Atain's Motion for Summary Judgment and granting in part and denying in part Pachner's Motion for Summary Judgment. (ECF No. 94.) The Court directs the parties to that opinion for a fuller recitation of the factual and procedural background. Judge Goodman's order (ECF No. 125) provides a complete factual and procedural background of this action, but the Court will provide relevant parts of the procedural history again for the purposes of this Appeal.

Following this Court's opinion and order on the motions for summary judgment, Atain informed Judge Goodman that it intended to seek leave to amend its Complaint, and Judge Goodman ordered Atain to circulate a proposed amended complaint by February 28, 2020. (ECF No. 98.) Judge Goodman also ordered Defendants to advise whether they intended to oppose Atain's proposed amended complaint by March 16, 2020. (*Id.*) On March 16, 2020, Manchester filed a letter stating he did not intend to oppose a motion to amend by Atain. (ECF No. 100.) Then, on the same day, Manchester filed another letter with the Court clarifying he would seek to amend his answer if Atain were permitted to file an amended complaint. (ECF No. 101.) Pachner also filed a letter on March 16, 2020, requesting that "either Atain should not be permitted to amend its complaint or, if it is, the order permitting it to do so should clearly preclude Atain from making broader or different arguments at trial." (ECF No. 102 at 1.) Further, Pachner stated "the Court should not permit the Defendants/Third-Party Plaintiffs to amend their own third-party complaints in response." (*Id.*) Pachner's issues with Atain's proposed amended complaint related specifically to the amendment dealing with search and rescue courses. (*Id.* at 2–4.) Pachner's main concern was that Atain was trying to frame its amendment as an issue previously raised in response to an

interrogatory, but in actuality, Atain was setting itself up to raise a distinct issue at trial that it argued on summary judgment but had not been dealt with during discovery. (*Id.* at 2–3.)

Additionally, NMG Defendants filed a letter on March 16, 2020, agreeing with Pachner that "the amendment does not simply memorialize the earlier-stated claim by Atain that has been the subject of discovery," but rather, "[t]he amendment attempts to add another and different claim of misrepresentation in the application for insurance," which "was never a claim before." (ECF No. 103 at 1.) NMG Defendants noted Atain "has had certain limited items it claimed were the subjects of misrepresentations - having to do with projected revenues, whether NMG utilized independent contractors, and whether NMG engaged in ropes/challenge course facilitation," which "were all dealt with in discovery." (*Id.*) NMG Defendants also clarified if Atain were allowed to amend, they "would have to file an amended third-party complaint against Pachner & Associates . . . to seek indemnification as to that claim." (*Id.*)

On March 17, 2020, Atain responded to Defendants' letters submitting "the fact that [it] moved for summary judgment on certain aspects of its discovery disclosures should act in no way as a limitation on what [it] should be entitled to present at the time of trial." (ECF No. 104 at 1.) Further, Atain stated its claim of misrepresentation on the insurance application "was fully stated by Atain in its initial interrogatory response number 19 and the defendants . . . deposed Atain's witnesses on these very issues." (*Id.* at 2.)

Judge Goodman scheduled a Final Pretrial Conference for May 27, 2020 (ECF No. 98) since discovery had been completed, but that conference was later adjourned in light of Atain's intent to file a Motion to Amend (ECF No. 106). On April 18, 2020, Atain filed its Motion to Amend. (ECF No. 107.) The Motion sought three changes: (1) an addition that NMG did not disclose in its insurance application that it provided and received revenue from search and rescue

3

training courses; (2) additional bases of misrepresentation to support Count Six; and (3) a new count alleging NMG breached its conditions of insurability. (*See generally id.*) On May 19, 2020, NMG filed a Cross-Motion for Leave to Amend, which sought relief only if Atain's Motion to Amend was granted. (ECF No. 116.) On November 30, 2020, Judge Goodman denied Atain's Motion to Amend, and denied NMG's cross-motion as moot. (ECF No. 125.) On December 14, 2020, Atain filed this Appeal (ECF No. 128), which is opposed by Defendants. (ECF Nos. 133, 134, and 135.)

## II. LEGAL STANDARD

A district court may reverse a magistrate judge's determination of a non-dispositive issue[1] only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *see also Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A district court may not take into consideration any evidence that was not put forth before the magistrate judge when reviewing the magistrate judge's factual determination. *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 92 (3d Cir. 1992). Under the clearly erroneous standard, the reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently. *See Cardona v. Gen. Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996). A district court, however, will review a

---

[1] Motions to amend a complaint are considered non-dispositive. *See Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998). A district court reviewing a magistrate's resolution of non-dispositive matters "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Marinac v. Mondelez Int'l, Inc.*, Civ. A. No. 2:14-7606, 2019 WL 1767345, at *1 (D.N.J. Apr. 22, 2019).

magistrate judge's legal conclusions *de novo*. *See Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

"Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Id.*; *see also* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2d § 3069 (2d ed. 1997) (providing that "many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis"). The deferential standard of review is particularly appropriate in a case where the magistrate judge managed the case from the outset, and therefore, has a thorough knowledge of the proceedings. *Cooper Hosp.*, 183 F.R.D. at 127 (citing *Pub. Interest Rsch. Grp. v. Hercules, Inc.*, 830 F. Supp. 1525, 1547 (D.N.J. 1993), *aff'd on other grounds and rev'd on other grounds*, 50 F.3d 1239 (3d Cir. 1995)); *Robinson v. Horizon Blue Cross-Blue Shield of N.J.*, Civ. A. No. 12-2981, 2014 WL 3573339, at *1 (D.N.J. July 21, 2014).

### III. DECISION

Atain argues Judge Goodman's Order denying its Motion to Amend should be reversed and modified. (ECF No. 128 at 3.) Atain appeals three findings in Judge Goodman's Order. (*Id.* at 1–2.) First, Atain argues Judge Goodman overlooked its argument that once its allegedly "unpled claims were litigated fully and completely . . . on summary judgment motions . . . the Complaint [was] considered constructively amended to include those claims." (*Id.* at 1.) Second, Atain contends Judge Goodman "erred in failing to enforce defendant's counsel's prior written and filed waiver of objections to three of the four [amendments] to the Complaint." (*Id.*) Third, Atain asserts Judge Goodman erred by entering an order that effectively prevented a jury trial on three issues this Court previously ruled would be entitled to a jury trial. (*Id.* at 2.)

As a preliminary matter, the Court must decide the standard of review to apply on this Appeal. Atain contends Judge Goodman's order denying its Motion to Amend should be reviewed by this Court under the *de novo* standard because the denial "is tantamount to a disposal of these claims." (ECF No. 128-2 at 7.) Alternatively, Defendants all argue Judge Goodman's appeal should be reviewed under either a "clear error" or "abuse of discretion" standard. (ECF Nos. 133 at 5–6; 134 at 2–9; 135 at 6.)

As indicated above, the Court will only reverse the magistrate judge's decision on a non-dispositive motion, such as a motion to amend, if the magistrate judge's decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See also* L. Civ. R. 72.1(c)(1)(A) ("A Judge shall consider the appeal . . . [of a non-dispositive matter] and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law."). Atain relies on distinguishable cases to support its argument that Magistrate Judge Goodman's holding is subject to *de novo* review because it "effectively disposes of [its] claims." (ECF No. 128 at 7.) Each of these cases are distinguishable. First, *In re United States Healthcare*, 159 F.3d 142, 144 (3d Cir. 1998) involved a motion to remand issued by the magistrate judge, not a motion to amend. The Third Circuit found a remand order dispositive "of all the claims and defenses in the case as it banishes the entire case from the federal court." *Id.* at 146. Because the Third Circuit's holding turned on the impact of an order to remand and did not discuss the holding's impact on motions to amend, this case is unpersuasive. Second, in *Thomas v. Ford Motor Co.*, 137 F. Supp. 575, 579 (D.N.J. 2001), after noting "[m]otions to amend are usually considered non-dispositive motions," the court found the magistrate judge's decision "contained dispositive elements" because it entirely disposed of one of the plaintiff's proposed claims. *Id*. The Third Circuit has not directly addressed this issue. *Kenny v. United States*, 489 F. App'x 628, 630 n.2 (3d Cir. 2012) ("But neither we nor

6

our sister circuits appear to have resolved the precise issue here—whether a motion to amend that in practice results in dismissal is a dispositive motion—and the authority in the District of New Jersey is divided on this question." (citing *Fishbein Family P'ship v. PPG Indus., Inc.*, 871 F. Supp. 764, 769 n.4 (D.N.J.1994) and *Thomas*, 137 F. Supp. 2d at 579)). Regardless of which standard is applied here—*de novo* or clear error—the Court arrives at the same conclusion.

Next, Atain argues Judge Goodman overlooked three of the four claims in its amended complaint that were argued before this Court on the Motion for Summary Judgment. (ECF No. 128-2 at 8–11.) Further, Atain argues "there is no dispute that the parties have fully consented to the litigation of the claims asserted in the proposed Amended Complaint." (ECF No. 128-2 at 11.) Atain directs the Court to letters from defense counsel on March 16, 2020, "specifically waiv[ing] objections to those three claims on the then proposed motion to amend the Complaint," because "[t]he only objection raised in those letters was to the search and rescue operation amendment." (*Id.* at 12.) Pachner, Manchester, and NMG all argue Judge Goodman properly denied Atain's motion to amend because Atain failed to demonstrate it had good cause to modify the scheduling order set by Judge Goodman. (ECF Nos. 134 at 9–11; 135 at 6; 133 at 6.)

In addressing Atain's Motion to Amend, Judge Goodman noted "[b]ecause the time to amend under Rule 15 has already expired, the Court begins its analysis under Rule 16." (ECF No. 125 at 18.) Judge Goodman reviewed the timeline of the action to determine whether Atain acted with diligence, in accordance with Rule 16 and found:

> The timeline belies Atain's claim of diligence. First, Atain cannot claim that it did not know of the existence of the search and rescue courses until July 2017. General Change Endorsement #6, issued February 21, 2016, evidences that Atain was fully aware of the existence of the search and rescue courses, even if it did now know the full scope of the courses. (ECF No. 117 at 11.) Second, even if the Court were to accept that Atain did not learn of the existence of search and rescue courses until July 2017, the deadline to seek leave

7

> to amend had been extended by then to August 21, 2017. (*See* ECF No. 25.) Atain could have brought a motion to amend under Rule 15 at that time, while discovery was still ongoing. Even if the Court were to consider the Motion based on March 13, 2018, which is the latest date on which Atain claims it learned of this misrepresentation claim, there can be no dispute that Atain still waited for years before it sought leave to amend. Regardless of whether the deadline to amend pleadings has passed, Atain was still required to act diligently and seek leave to amend as soon as possible. There is no question that Atain lacked diligence in asking the Court for leave to amend is Complaint to add this claim.

(*Id.* at 20–21.) After finding Atain failed to fulfill Rule 9(b)'s specificity pleading requirements for its misrepresentation claim (*id.* at 22), Judge Goodman concluded Atain's Motion to Amend would also be denied under Rule 15:

> Even if the Court were to conduct this analysis under the more liberal standard of Rule 15, the Motion would still be denied. This case has been pending since 2016. In that time, the Court has conducted several conferences and entered at least nine scheduling orders. Fact discovery, which included several depositions, was completed by April 16, 2018. (ECF No. 50.) Expert discovery has closed, and the parties have filed, and the Court has decided, summary judgment motions. (ECF No. 106.) While Atain argues that the parties should have known of these claims of misrepresentation, there is no doubt that they did not have the requisite notice. If they had that notice, they would have conducted different, or additional, discovery.

(*Id.* at 23.) That is, Judge Goodman did not "overlook" Atain's claims that were argued on summary judgment under Rule 15(b). Instead, she merely found a Rule 15 analysis unnecessary because Atain could not demonstrate good cause for its proposed amendments. Even so, Atain argues Judge Goodman erred by dismissing claims that could have been introduced under Rule 15(b)(2).

Federal Rule of Civil Procedure 15(b)(2) provides, "When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings." Fed. R. Civ. P. 15(b)(2). "[A]n issue has not been tried by implied consent

8

if evidence relevant to the new claim is also relevant to the claim originally pled, because the defendant does not have any notice that the implied claim was being tried." *Addie v. Kjaer*, 737 F.3d 854, 867 (3d Cir. 2013) (citing *Douglas v. Owens*, 50 F.3d 1226, 1236 (3d Cir. 1995)). "There is a circuit split as to whether Rule 15(b)(2) applies on summary judgment, and the Third Circuit has not yet ruled on this issue." *Luxama v. Ironbound Express, Inc.*, Civ. A. No. 11-2224, 2021 WL 1153145, at *23 (D.N.J. Mar. 26, 2021) (citations omitted). Here, Atain argues its Motion to Amend was "based entirely on three (3) claims for which were in the original Complaint, discovery responses, and which full discovery was had. [The claims] were not presented for the first time in an opposition brief nor was there a single objection that they were not pled nor full discovery had." (ECF No. 137 at 2.) In *Luxama*, plaintiffs made a similar Rule 15(b)(2) argument. 2021 WL 1153145, at *23 ("Plaintiffs base their Rule 15(b)(2) argument on 'prior pleadings' and whether Defendant had notice of the claim."). As the court in *Luxama* noted, both of these bases for an argument under Rule 15(b)(2) "are irrelevant, based on the plain language of Rule 15(b)(2), as to whether an amendment is appropriate." *Id.* The court then framed the proper inquiry as "whether [the plaintiff] introduced evidence relevant to [its claims] without objection from Defendant." *Id.* Atain contends the parties "fully briefed each and every claim that is the subject of [the] proposed amendments on the merits without objection that [the] claims were unpled" and directs the Court to pre-motion correspondence between the parties as evidence that Defendants waived objections to the proposed motion to amend. (ECF No. 128-2 at 11–12.) Judge Goodman found Defendants did not waive their objections in their briefs or in the pre-motion letters:

> Although Defendants did not object specifically to these amendments in their Pre-motion Letters, they certainly have in their briefs. Atain argues that this Court should ignore the briefs and limit Defendants to Pre-Motion positions. This Court disagrees: those Pre-Motion Letters were simply to determine whether there were objections to the amendment and to the extent that a formal motion

> should be required. They were never intended to cast the parties' positions in cement and do not act as a waiver of any arguments not made. Even if the failure to make these arguments in the Pre-Motion letters were somehow deemed to be a waiver, this would not relieve Plaintiff of its independent obligation to show that it exercised diligence in seeking to make the late amendment.

(ECF No. 125 at 25.)

The Court agrees with Judge Goodman's reasons for denying Atain's Motion to Amend. Atain did not demonstrate good cause as required by Rule 16, Defendants objected to Atain's amendments throughout their briefing, and Defendants did not waive objection in their pre-motion letters. This Court concludes Judge Goodman's decision was not clearly erroneous, contrary to law, or improper under a *de novo* review and therefore, affirms her ruling. *See, e.g.*, *Luxama*, 2021 WL 1153145, at *23 (denying plaintiff's motion to amend under Rule 15(b)(2) when defendant "explicitly opposed [p]laintiff's attempted amendment" in its opposition brief); *E. Mins. & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000) (finding no abuse of discretion where the district court denied plaintiff's motion to amend, filed six months after the deadline, absent good cause and unexplained delay); *Strategic Prod. & Servs., LLC v. Integrated Media Techs., Inc.*, Civ. A. No. 18-694, 2020 WL 5810561, at *3–4 (D.N.J. Sept. 30, 2020) (affirming denial of plaintiff's motion for leave to amend where the record reflected it "had sufficient knowledge to assert claims . . . before the deadline [to amend] expired").

Accordingly, Atain's Appeal is **DENIED**.

IV.   **CONCLUSION**

For the reasons set forth above, Atain's Appeal of Judge Goodman's November 30, 2020 Order is **DENIED** and Judge Goodman's November 30, 2020 Order is **AFFIRMED**. An appropriate order follows.

10

**Date: June 29, 2021**  */s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**